P. A. SELLERS ET AL *v.* TALBERT SLAYDEN'S EXOR.

**Vendor and Purchaser—Deed Conclusive as to Land Purchase.**

Where a deed is accepted in fulfillment of a previous contract it is, in the absence of fraud or mistake, regarded as the best evidence, and conclusive of the question as to the land purchased.

APPEAL FROM GRAVES CIRCUIT COURT.

February 23, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

In their petition appellants allege they purchased a *part* of a certain section of land, and that they had accepted a deed. In that deed, which is exhibited, the metes and bounds of the land are not given, but it is therein described as being in the county

of Graves, on the waters of Barren Creek, known and designated as the Wesley Slayden place, on which John Sellars then lived, containing by estimation one hundred and forty-one acres, more or less, being part of S-E quarter of section 32, T 4, range 1, W.

It is not alleged that appellants have not got the land embraced in the deed, nor that the quantity is less than that therein named; but that at the time of the contract of sale to them Talbott Slayden represented the line of the tract to extend and include about 20 acres of cleared land and a fence, which they have since discovered they did not get by their said purchase.

Conceding that when they made the contract they believed from the representations of Talbott Slayden that said cleared land and fence were included, they afterwards accepted a deed, which did not embrace them, but have actually gotten more land than they actually contracted for, as appears from a survey in the case, showing that they have 160 acres, a full quarter section, instead of *a part of one.*

Moreover, they accepted the deed in fulfilment of the previous contract, and in the absence of fraud or mistake, neither of which is alleged in reference to the deed, it must be regarded as the best evidence, and conclusive of the question as to the land purchased by appellant; and they cannot go behind it to show that other or different lands were sold.

Wherefore, the judgment dismissing appellant's petition must be *affirmed.*

*Anderson, for appellants.*